T.C. Memo. 2018-79

UNITED STATES TAX COURT

RAGHVENDRA SINGH AND KIRAN RAWAT, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5123-17.                          Filed June 7, 2018.

Raghvendra Singh and Kiran Rawat, pro sese.

Kimberly A. Trujillo, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, Judge:  Respondent determined deficiencies in, and accuracy-
related penalties under section 6662(a)[1] on, petitioners' Federal income tax (tax)
as follows:

---

[1]All section references are to the Internal Revenue Code (Code) in effect for
the years at issue.  All Rule references are to the Tax Court Rules of Practice and
Procedure.

[*2]

| Year | Deficiency | Accuracy-Related Penalty Under Sec. 6662(a) |
|------|-----------|------------------------------|
| 2013 | $30,753 | $6,150.60 |
| 2014 | 26,305 | 5,261.00 |

The issues for decision are:

(1) Are petitioners entitled for their taxable years 2013 and 2014 to claimed itemized deductions totaling $60,249 and $62,943, respectively? We hold that they are not.

(2) Did petitioner Raghvendra Singh engage during 2013 and 2014 in a claimed business activity, thereby entitling petitioners for their taxable years 2013 and 2014 to losses from that claimed business activity of $138,034 and $95,155, respectively? We hold that he did not.

(3) Are petitioners entitled for their taxable years 2013 and 2014 to certain alleged losses that they did not claim in their tax returns for those years? We hold that they are not.

(4) Are petitioners liable for their taxable years 2013 and 2014 for accuracy-related penalties under section 6662(a)? We hold that they are.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

[*3]  Petitioners resided in California at the time they filed the petition.

Petitioners filed Form 1040, U.S. Individual Income Tax Return (return), for each of their taxable years 2013 (2013 return) and 2014 (2014 return).  In each of those returns, petitioners did not show a home address but instead showed a post office box in California.

In their 2013 return, petitioners showed total income of $17,007 consisting of wages of $128,491, taxable interest of $72, a State tax refund of $7,752, a business loss of $138,034, taxable pensions and annuities of $13,541, income of $4,741 from Schedule E, Supplemental Income and Loss (Schedule E), and taxable Social Security benefits of $444.

Petitioners included Schedule A, Itemized Deductions (Schedule A), as part of their 2013 return (2013 Schedule A).  In that schedule, they claimed total itemized deductions of $60,249 consisting of State income taxes of $6,184, real estate taxes of $33,308, and home mortgage interest and points of $20,757.

Petitioners included Schedule C, Profit or Loss From Business (Schedule C), as part of their 2013 return (2013 Schedule C) with respect to a claimed business of petitioner Raghvendra Singh (Mr. Singh) that was described in that schedule as "Rental and Leasing".  In their 2013 Schedule C, petitioners reported gross receipts or sales of $562, claimed cost of goods sold of $101,253, reported gross

[*4] income of -$100,691, and claimed total expenses of $37,343 (claimed 2013

Schedule C expenses) and a loss of $138,034. The claimed 2013 Schedule C

expenses consisted of the following:

| Expense | Amount |
| --- | --- |
| Advertising | $465 |
| Commissions & fees | 420 |
| Insurance other than health | 1,644 |
| Legal & professional | 14,682 |
| Office expense | 4,122 |
| Vehicles, machinery, & equipment | 612 |
| Other business property | 512 |
| Repairs & maintenance | 5,232 |
| Supplies | 832 |
| Taxes & licenses | 602 |
| Travel | 3,878 |
| Meals & entertainment | 208 |
| Utilities | 4,134 |

In their 2014 return, petitioners showed total income of $45,485 consisting

of wages of $120,398, a State tax refund of $6,184, a business loss of $95,155,

pensions and annuities of $13,811, Schedule E income of $247, and taxable Social

Security benefits of zero.

**[*5]**  Petitioners included Schedule A as part of their 2014 return (2014 Schedule A).  In that schedule, they claimed total itemized deductions of $62,943 consisting of State income taxes of $6,184, real estate taxes of $34,682, and home mortgage interest and points of $22,077.

Petitioners included Schedule C as part of their 2014 return (2014 Schedule C) with respect to a claimed business of Mr. Singh that was described in that schedule as "Business Acquisitions".  In their 2014 Schedule C, petitioners report-ed gross receipts or sales of $412, claimed cost of goods sold of $50,514, reported gross income of -$50,102, and claimed total expenses of $45,053 (claimed 2014 Schedule C expenses) and a loss of $95,155.  The claimed 2014 Schedule C ex-penses consisted of the following:

[*6]

| Expense | Amount |
| --- | --- |
| Advertising | $562 |
| Car & truck | 1,272 |
| Commissions & fees | 462 |
| Contract labor | 2,162 |
| Insurance other than health | 1,526 |
| Legal & professional | 15,532 |
| Office expense | 5,126 |
| Vehicles, machinery, & equipment | 702 |
| Other business property | 826 |
| Repairs & maintenance | 6,152 |
| Supplies | 834 |
| Taxes & licenses | 772 |
| Travel | 4,162 |
| Meals & entertainment | 312 |
| Utilities | 4,651 |

Respondent issued a notice of deficiency (notice) to petitioners for their taxable years 2013 and 2014, the years at issue. In that notice, respondent determined to disallow the respective itemized deductions claimed in petitioners' 2013 Schedule A and their 2014 Schedule A.

**[\*7]**   In the notice, respondent also determined to decrease the total respective amounts of gross receipts or sales that petitioners reported, and to disallow the total respective amounts of cost of goods sold, expenses, and losses claimed, in their 2013 Schedule C and their 2014 Schedule C.

Respondent also determined in the notice that petitioners are liable for their taxable years 2013 and 2014 for accuracy-related penalties under section 6662(a).

OPINION

Petitioners bear the burden of establishing that the determinations in the notice are erroneous.  They also bear the burden of establishing their entitlement for the years at issue to certain losses that they did not claim in their 2013 return and their 2014 return.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Moreover, deductions are a matter of legislative grace, and petitioners bear the burden of proving entitlement to any deduction claimed.  See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).  The Code and the regulations thereunder required petitioners to maintain records sufficient to establish the amount of any deduction claimed.  See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

We begin by summarizing our evaluation of the evidence proffered at the trial in this case.  We address first the testimony of Mr. Singh, the only witness at

**[\*8]** that trial. We found his testimony to be not credible, uncorroborated, self-serving, and/or conclusory in certain material respects. We are unwilling to, and we shall not, rely on Mr. Singh's testimony to establish petitioners' position with respect to each of the issues presented. See, e.g., Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

Petitioners proffered certain documentary evidence at trial in support of petitioners' respective positions with respect to certain issues.[2] We sustained respondent's objections to virtually all of those documents because they did not pertain to the years at issue. We allowed into evidence, inter alia, two Forms 1098, Mortgage Interest Statement (Form 1098), pertaining to 2014 which Bank of America, N.A., had issued to Mr. Singh and which showed that he had paid to that

---

[2]Mr. Singh claimed during his testimony that he had records that support petitioners' respective positions with respect to the issues presented (alleged records) but that those alleged records were not available to petitioners. He gave different reasons as to why those alleged records were not available. First, Mr. Singh claimed that the alleged records were lost because his accountant died in 2014. He then claimed that the alleged records were seized by the local county in which they lived in California. Finally, Mr. Singh testified that the alleged records were destroyed in a fire. As we observed previously, we found Mr. Singh's testimony, inter alia, not to be credible in certain material respects. Moreover, even if we had believed Mr. Singh's testimony about the alleged records, we nonetheless would not have sustained on the record before us petitioners' position with respect to any of the issues presented.

**[*9]** institution during that year mortgage interest of $6,321.46 and $5,775.47, respectively (2014 Forms 1098).

We turn now to the issues presented. The first issue that we will consider is whether petitioners are entitled for the years at issue to the respective itemized deductions claimed in their 2013 Schedule A and their 2014 Schedule A. Petitioners presented no evidence on which we are willing to rely that establishes their position with respect to that issue. With respect to the 2014 Forms 1098, we generally will rely on that type of evidence to show that a taxpayer paid the amount of mortgage interest specified in Form 1098. However, we are not willing to rely on the 2014 Forms 1098 here. That is because, inter alia, (1) petitioners' home address is not shown in their 2013 return and their 2014 return; (2) the record does not establish the property or properties to which those forms pertain; (3) the record does not establish that Mr. Singh (or petitioners) owned the property or properties to which those forms pertain; (4) the record does not establish whether the property or properties to which those forms pertain constituted during 2014 the primary residence, the secondary residence, or an investment property of Mr. Singh (or petitioners).

Based upon our examination of the entire record before us, we find that petitioners have failed to carry their burden of establishing that for the years at

**[*10]** issue they are entitled to the respective itemized deductions claimed in their 2013 Schedule A and their 2014 Schedule A.

We consider next whether petitioners are entitled for the years at issue to the respective losses claimed in their 2013 Schedule C and their 2014 Schedule C. Petitioners presented no reliable evidence that establishes that Mr. Singh was engaged during the years at issue in the respective businesses in which they claim he was involved during those years, as reflected in those respective schedules.[3]

Based upon our examination of the entire record before us, we find that petitioners have failed to carry their burden of establishing that for the years at issue they are entitled to the respective losses claimed in their 2013 Schedule C and their 2014 Schedule C.

The third issue we address is an affirmative issue that petitioners raised at trial and on brief. As we understand petitioners' position, they are claiming that they are entitled to certain losses for the years at issue that relate to losses that they contend they incurred in prior years (other losses). Petitioners presented no

---

[3]Even if we had found that Mr. Singh was engaged during the years at issue in the respective businesses in which petitioners claim he was involved during those years, as reflected in their 2013 Schedule C and their 2014 Schedule C, we would find on the record before us that petitioners have failed to carry their burden of establishing their entitlement to the respective gross receipts reported and the respective total amounts of cost of goods sold, expenses, and losses claimed in those schedules.

[*11] reliable evidence that establishes that they are entitled for the years at issue to certain other losses.

Based upon our examination of the entire record before us, we find that petitioners have failed to carry their burden of establishing that for the years at issue they are entitled to certain other losses.

We turn to the remaining issue presented under section 6662(a). Section 6662(a) imposes an accuracy-related penalty of 20 percent on the underpayment to which section 6662 applies. Section 6662 applies to the portion of any underpayment which is attributable to, inter alia, (1) negligence or disregard of rules or regulations, sec. 6662(b)(1), or (2) a substantial understatement of tax, sec. 6662(b)(2).

The term "negligence" in section 6662(b)(1) includes any failure to make a reasonable attempt to comply with the Code. Sec. 6662(c). Negligence has also been defined as a failure to do what a reasonable person would do under the circumstances. See Leuhsler v. Commissioner, 963 F.2d 907, 910 (6th Cir. 1992), aff'g T.C. Memo. 1991-179; Antonides v. Commissioner, 91 T.C. 686, 699 (1988), aff'd, 893 F.2d 656 (4th Cir. 1990). The term "negligence" also includes any failure by the taxpayer to keep adequate books and records or to substantiate

**[\*12]** items properly.  Sec. 1.6662-3(b)(1), Income Tax Regs.  The term "disre-gard" includes any careless, reckless, or intentional disregard.  Sec. 6662(c).

For purposes of section 6662(b)(2) an understatement is equal to the excess of the amount of tax required to be shown in the tax return over the amount of tax shown in the return.  Sec. 6662(d)(2)(A).  An understatement is substantial in the case of an individual if the amount of the understatement for the taxable year exceeds the greater of 10 percent of the tax required to be shown in the tax return for that year or $5,000.  Sec. 6662(d)(1)(A).

The accuracy-related penalty does not apply to any portion of an underpayment if it is shown that there was reasonable cause for, and that the taxpayer acted in good faith with respect to, such portion.  Sec. 6664(c)(1).  The determination of whether the taxpayer acted with reasonable cause and in good faith depends on all the pertinent facts and circumstances, including the taxpayer's efforts to assess the taxpayer's proper tax liability, the knowledge and experience of the taxpayer, and the reliance on the advice of a professional, such as an accountant.  Sec. 1.6664-4(b)(1), Income Tax Regs.

Respondent bears the burden of production with respect to the accuracy-related penalties under section 6662(a) that respondent determined in the notice.  See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  To

**[\*13]** satisfy respondent's burden of production under section 7491(c), respondent must produce evidence showing, inter alia, that respondent's representatives complied with section 6751(b)(1). See Graev v. Commissioner, 149 T.C. ___ (Dec. 20, 2017), supplementing and overruling in part 147 T.C. 460 (2016).

To satisfy respondent's burden of production, respondent must come forward with "sufficient evidence indicating that it is appropriate to impose" the penalty. Higbee v. Commissioner, 116 T.C. at 446. Although respondent bears the burden of production with respect to the penalty under section 6662(a), respondent "need not introduce evidence regarding reasonable cause * * * or similar provisions. * * * the taxpayer bears the burden of proof with regard to those issues." Higbee v. Commissioner, 116 T.C. at 446.

On the record before us, we find that respondent has satisfied respondent's burden of production under section 7491(c) with respect to the accuracy-related penalties under section 6662(a).[4]

---

[4]For example, the record contains a so-called penalty-approval form that we find shows that respondent's representatives complied with sec. 6751(b)(1). In addition, petitioners failed to substantiate properly their entitlement (1) to the respective total itemized deductions claimed in their 2013 Schedule A and their 2014 Schedule A and the respective losses claimed in their 2013 Schedule C and their 2014 Schedule C. See sec. 1.6662-3(b)(1), Income Tax Regs. Furthermore, we have sustained all of respondent's determinations in the notice. Consequently, there is a substantial understatement of tax under sec. 6662(d)(1)(A) and (2)(A)

(continued...)

**[*14]** On the record before us, we find that petitioners have failed to carry their burden of establishing that there was reasonable cause for, and that they acted in good faith with respect to, the underpayment for each of the years at issue.

Based upon our examination of the entire record before us, we find that petitioners have failed to carry their burden of establishing that they are not liable for the years at issue for accuracy-related penalties under section 6662(a).

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.

---

[4](...continued)
for each of the years at issue.